IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RAVEN CAPITAL GROUP, LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 5:21-cv-59 |
| CH CRFP 26 LLC and FIDELITY NATIONAL TITLE AGENCY, INC., | § § § § | |
| Defendants. | § § § | |

## DEFENDANT CH CRP 26 LLC'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant CH CRP 26 LLC (incorrectly named in the State Court Action as "CH CRFP 26 LLC") ("Defendant") gives notice that it removes this action from the 37th Judicial District Court of Bexar County, Texas, to the United States District Court for the Western District of Texas, San Antonio Division. In support of such removal, Defendant respectfully shows the Court as follows:

### I.  RELEVANT BACKGROUND OF STATE COURT ACTION

1. On December 29, 2020, Plaintiff Raven Capital Group, LLC ("Plaintiff"), filed its Original Verified Petition for Temporary and Permanent Injunctive Relief, Specific Performance, Lien Lis Pendens and Damages for Breach for Contract (the "State Court Petition") in the 37th Judicial District Court of Bexar County, Texas, Cause Number 2020CI24704 (the "State Court Action").

2. The State Court Action involves a dispute concerning a Purchase and Sale Agreement ("PSA") between Plaintiff and Defendant concerning property located at 9400

Fredericksburg Road, San Antonio, Texas 78219 (the "Property").  *See* Plaintiff's Original Petition.

3. On January 8, 2021, Plaintiff and Defendant (collectively, the "Parties") entered into a Rule 11 agreement to maintain the status quo until January 27, 2021 at 5:00 p.m., the date of a rescheduled Temporary Injunction Hearing in the State Court Action.  As a result of this removal and for the avoidance of any doubt, Defendant continues to maintain the status quo subject to this Court's adjudication of Plaintiff's anticipated renewed application for injunctive relief.

4. Fidelity National Title Agency, Inc. ("Fidelity") was the title company holding escrowed funds as provided in the PSA.  On January 19, 2021, Fidelity filed its Original Answer and Petition for Interpleader ("Interpleader").  On January 22, 2021, the parties submitted an Agreed Order granting Fidelity's Interpleader, whereby Fidelity agreed to deposit certain escrowed funds into the court's registry, and would be dismissed with prejudice from the State Court Action.

5. To date, the Parties have not engaged in any written discovery and no depositions have occurred.

## II.     REMOVAL PROCEDURE

6. This action is properly removed to this Court, as the State Court Action is pending within this district and division.  28 U.S.C. § 1446(a).

7. Defendant has not, to date, been served with process of the State Court Petition. Nevertheless, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).  Although the statutory thirty-day removal period commences on receipt of formal service of process, *Bd. of Regents of Univ. of Texas Sys. v. Nippon Tel. & Tel. Corp.*, 478 F.3d 274, 278 (5th Cir. 2007), a defendant may elect to remove an action pending in state court prior to receiving service of process. *Delgado v. Shell Oil Co.*, 231 F.3d 165, 177 (5th Cir. 2000) ("Generally, service of process is not an absolute prerequisite to removal. . . We read § 1446(b) and its 'through service or otherwise'

language as consciously reflecting a desire on the part of Congress to require that an action be commenced against a defendant before removal, but not that the defendant have been served.").

8. Pursuant to 28 U.S.C. § 1446(a) and the Federal Rules of Civil Procedure, this Notice of Removal is accompanied by the following, which are respectively attached as Exhibits A-C:

    (a)    A list of all counsel of record in the State Court Action, including addresses, telephone numbers, and parties represented;

    (b)    The docket sheet in the State Court Action; and

    (c)    A copy of all process, pleadings, and orders from the State Court Action.

9. A copy of this Notice of Removal will also be filed in the State Court Action pursuant to 28 U.S.C. § 1446(d).

### III.   REMOVAL JURISDICTION

10. Pursuant to 28 U.S.C. § 1441, removal is proper if the district court to which the case is removed has original subject matter jurisdiction of the action. Federal courts have subject matter jurisdiction for diversity cases where the suit involves a controversy between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

**A.   Diversity of Citizenship Exists Between the Plaintiff and Defendant**

11. Complete diversity of citizenship exists between all properly joined parties to this action.

12. A limited liability company's citizenship is determined by the citizenship of all its members. *Harvey v. Grey Wolf*, 542 F.3d 1077, 1079-81 (5th Cir. 2008). A person is a citizen of the state where that person is domiciled, that is, where the person has established a fixed habitation

or abode, intending to remain there permanently or indefinitely. *See Coury v. Prot*, 85 F.3d 244, 248-50 (5th Cir. 1996).

13. Plaintiff Raven Capital Group LLC is a New Jersey limited liability company. *See* Raven Capital Group LLC Certificate of Formation, attached hereto Exhibit D; State Court Petition, Paragraph 1. Raven Capital Group LLC's member is Nachman Teren. *See id*. Mr. Teren's address is identified as P.O. Box 545, Lakewood, New Jersey 08701. Accordingly, Raven Capital Group LLC is deemed to be a citizen of New Jersey for purposes of diversity jurisdiction.

14. Defendant CH CRP 26 LLC is a Texas limited liability company. The member of CH CRP 26, LLC is a Delaware limited liability company, whose members do not include any individual or entity with a New Jersey residence for purposes of diversity jurisdiction.

15. As a result, complete diversity exists between Plaintiff and Defendant. *See* 28 U.S.C. § 1441(b).

### B. The Amount in Controversy Requirement is Satisfied

16. Pursuant to 28 U.S.C. § 1332(a), the amount in controversy in a case where federal jurisdiction is based on diversity of citizenship must exceed $75,000, exclusive of interest and costs.

17. When a petition does not state a monetary amount in controversy, but instead seeks specific performance for diversity purposes in a suit involving real property, the amount of controversy is measured by the value of the property sought to be acquired by the suit. *Nationstar Mortgage LLC v. Knox*, 351 F. App'x 844 (5th Cir. 2009) (citing *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545 (5th Cir. 1961) ("[W]hen the validity of a contract or a right to property is called into question in its entirety, the value of the property controls the amount in controversy.")); *see also Ebensberger v. Sinclair Ref. Co.*, 165 F.2d 803, 805 (5th Cir. 1948) ("the amount in controversy

in this case was not the damages which appellee might suffer if its suit for specific performance was denied. It was the value of the property. . . .").

18. In the PSA, the Parties agreed to the purchase price of $22,100,000.00 for the Property. *See* Plaintiff's Original Petition ¶ 10. Accordingly, because the value of the Property is greater than $75,000, the amount in controversy in this lawsuit is greater than $75,000. *See Nationstar Mortg. LLC v. Knox*, 351 F. App'x 844 (5th Cir. 2009).

19. Nothing in this Notice of Removal should be interpreted as a waiver or relinquishment of Defendant's rights to assert defenses or objections including, without limitation, the defenses of (i) lack of jurisdiction over the person, (ii) improper venue and/or forum non conveniens, (iii) insufficiency or lack of process or service of process, (iv) improper joinder of claims and/or parties, (v) failure to state a claim, (vi) failure to join an indispensable party(ies), or (vii) any other procedural or substantive defense available under state or federal law.

20. If any question arises as to the propriety of the removal of this action, Defendant requests the opportunity to brief any disputed issues and to present further evidence and oral argument in support of its position that this case was properly removed.

### IV. CONCLUSION

WHEREFORE, Defendant CH CRP 26 LLC removes this case from the 37th Judicial District Court of Bexar County, Texas, to the United States District Court for the Western District of Texas, San Antonio Division.

Dated this 22nd day of January 2021.     Respectfully submitted,

**GREENBERG TRAURIG, LLP**

By: /s/ Cara Kelly
Cara Kelly
*Attorney-in-charge*
Texas State Bar No.: 24074518
Hiba Kazim
Texas State Bar No.: 24076952
Nicole Leonard Cordoba
Texas State Bar No.: 24076952
300 West 6th Street, Suite 2050
Austin, Texas 78701
(512) 320-7209 (telephone)
(512) 320-7210 (facsimile)
kellyc@gtlaw.com
kazimh@gtlaw.com
cordoban@gtlaw.com

*Attorneys for Defendants CH CRP 26 LLC*

### CERTIFICATE OF SERVICE

I hereby certify that all parties and counsel of record have been served with a copy of this Notice of Removal via the Court's electronic filing system on this 22nd day of January 2021.

/s/ Cara Kelly
Cara Kelly